UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE R. HARRIS,<br><br>          Plaintiff,<br><br>     v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>          Defendant. | Case No. CV 06-5031-JTL<br><br>MEMORANDUM OPINION AND ORDER |

**PROCEEDINGS**

On August 11, 2006, Willie R. Harris ("plaintiff") filed a Complaint seeking review of the Commissioner's denial of her application for Social Security Disability and Supplemental Security Income benefits. On October 3, 2006, plaintiff filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. On October 10, 2006, Michael J. Astrue ("defendant") filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. Thereafter, on March 1, 2007, defendant filed an Answer to Complaint. On May 25, 2007, the parties filed their Joint Stipulation.

The matter is now ready for decision.

**BACKGROUND**

On May 6, 2004, plaintiff filed an application for supplemental social security benefits. (Administrative Record ["AR"] at 305-07). Plaintiff alleged that beginning on September 30, 2003, she was unable to work because she suffered from immobility caused by intense pain and swelling in her neck, head, shoulders, upper back, arms, thumbs, and hands that was a result of carpal tunnel syndrome, tendonitis, and a bi-lateral cervueal [sic] sprain. (AR at 103). The Commissioner denied plaintiff's application for benefits. (AR at 30-35).

On or about August 31, 2004, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 41). On December 7, 2005, the ALJ conducted a hearing in Downey, California. (See AR at 320-339). Plaintiff appeared at the hearing with counsel and testified. (Id.). Joseph Torres, a vocational expert, also testified at the hearing. (See AR at 332-338).

On January 25, 2006, the ALJ issued his decision denying benefits to plaintiff. (AR at 19-28). The Appeals Council denied plaintiff's timely request for review of the ALJ's decision. (AR at 6-8).

Thereafter, plaintiff appealed to the United States District Court.

**PLAINTIFF'S CONTENTIONS**

Plaintiff makes the following claims:

1.  The ALJ failed to properly resolve the conflicts between the vocational expert's testimony and the information contained in the Department of Labor's Dictionary of Occupational Titles ("DOT").

2.  The ALJ erred in failing to apply the Medical Vocational Rules (the "grids").

    3.    The ALJ failed to give the vocational expert a complete and accurate hypothetical regarding plaintiff's limitations.

    4.    The ALJ failed to give proper weight to the opinion of the treating physician.

    5.    The ALJ improperly rejected plaintiff's subjective pain testimony.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995).

**DISCUSSION**

**A.    The Sequential Evaluation**

A claimant is disabled under Title II of the Social Security Act if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or...can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §

423(d)(1)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantially gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the defendant is engaging in substantially gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 141 (1987). Second, the ALJ must determine whether the claimant has a severe impairment. Parra, 481 F.3d at 746. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in Appendix I of the regulations. Id. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Parra, 481 F.3d at 746. If the claimant cannot perform her past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantially gainful activity. Parra, 481 F.3d at 746.

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times, the burden is on the claimant to establish her entitlement to disability insurance benefits. Id. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).

///

///

4

**B.     The Vocational Expert's Testimony**

In her first claim, plaintiff alleges that the ALJ failed to properly resolve the conflicts between the vocational expert's testimony and the information contained in the Department of Labor's Dictionary of Occupational Titles ("DOT").  Plaintiff argues the alleged differences triggered the ALJ's duty to develop the record and the ALJ failed to meet this duty.  Defendant concedes that the vocational expert mixed up the job requirements, but argues the mix-ups are irrelevant because the vocational expert testified that plaintiff's skills were readily transferable to both of the occupations discussed.  Defendant argues that the vocational expert's error regarding the DOT numbers cannot be reasonably characterized as a conflict with the DOT that the ALJ was duty bound to explore.

An ALJ may not rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the DOT.  Massachi v. Astrue, 486 F.3d 1149; 2007 U.S. App. LEXIS 11115, *7 (9th Cir. May 11, 2007).  Social Security Regulation 00-4p[1] provides:

> When a VE [vocational expert] or VS [vocational specialist] provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that VE

---

[1] Social Security Rulings are issued by the Commissioner to clarify the Commissioner's regulations and policies.  Bunnell v. Sullivan, 947 F.2d 341, 346 n.3 (9th Cir. 1991)(en banc). Although they do not have the force of law, they are, nevertheless given deference "unless they are plainly erroneous or inconsistent with the Act or regulations."  Chavez v. Dep't of Health & Human Servs., 103 F.3d 849, 851 (9th Cir. 1996).

|  |  |
|---|---|
| 1 | or VS evidence and information provided in the |
| 2 | DOT.  In these situations, the adjudicator will: |
| 3 | [a]sk the VE or VS if the evidence he or she has |
| 4 | provided conflicts with information provided in |
| 5 | the DOT; and [i]f the VE's or VS's evidence |
| 6 | appears to conflict with the DOT, the adjudicator |
| 7 | will obtain a reasonable explanation for the |
| 8 | apparent conflict. |

If the ALJ does not ask the vocational expert whether his testimony conflicts with the DOT, the reviewing court cannot determine whether substantial evidence supports the ALJ's findings.  Massachi, 486 F.3d 1149; 2007 U.S. App. LEXIS 11115 at *11-12 (citing Prochaska v. Barnhart, 454 F.3d 731, 736 (7th Cir. 2006)); see also Travis v. Astrue, 477 F.3d 1037, 1042 (8th Cir. 2007) ("This court will not substitute its opinion for the ALJ's, who is in a better position to gauge credibility and resolve conflicts in evidence.").

Here, the ALJ did not ask the vocational expert whether his testimony conflicted with the DOT, and, if so, whether there was a reasonable explanation for the conflict.  (See AR at 320-329).  As a result, the Court cannot determine whether substantial evidence supports the ALJ's conclusion that plaintiff had transferable skills or the ALJ's step-five conclusion that plaintiff could perform other substantially gainful activity.

In fact, there were inconsistencies between the vocational expert's testimony and the DOT.  The vocational expert testified that an information clerk, DOT code 237.367-018, was a level three specific vocational preparation ("SVP") occupation, which indicates it would take a typical worker over one month and up to and including three

6

months to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation. However, according to the DOT, the SVP for an information clerk is a level two, which includes anything beyond a short demonstration up to and including a one month period.

Similarly, the vocational expert testified that the clerical information clerk position, DOT code 237.367-022, is an SVP three occupation, an unskilled job that takes about one month to learn, (AR at 338), while the DOT states the position has an SVP of four, which indicates it would take the typical worker over three months and up to and including six months to learn the techniques, acquire the information, and develop the facility needed for average performance.

Given that the ALJ failed to inquire whether the vocational expert's testimony conflicted with the DOT, the ALJ erred in relying on the vocational expert's testimony. Because an actual conflict does exist, the Court can affirm the ALJ's decision only if the record contains persuasive evidence to support the deviation. Pinto v. Massanari, 249 F.3d 840, 845 (9th Cir. 2001). Moreover, the Ninth Circuit requires either specific findings of fact regarding a plaintiff's residual functionality or inferences drawn from the context of the vocational expert's testimony in support of a deviation from the DOT. Light v. Comm'r of the Social Security Admin., 119 F.3d 789, 793 (9th Cir. 1997).

Here, the ALJ relied heavily on the vocational expert's testimony (see AR at 26-28), but did not provide reasons for adopting the vocational expert's deviation from the DOT. The Court cannot identify any persuasive evidence in the record to justify this deviation. Accordingly, the ALJ erred in failing to ask the vocational expert if

7

his testimony conflicted with the DOT and in relying on the vocational expert's testimony without making specific findings to explain the deviation from the DOT.

### C.   **The ALJ's Use of Grids**

In her second claim, plaintiff argues that the vocational expert's testimony was insufficient to support a denial of benefits and the ALJ should have used the Commissioner's medical-vocational guidelines ("grids") to find plaintiff disabled under 20 C.F.R. Part 404, Subpart P, Appendix 2, § 201.06.

An ALJ may apply the grids to determine a claimant's residual functional capacity. See Widmark v. Barnhart, 454 F.3d 1063, 1069 (9th Cir. 2006). However, an ALJ should rely on grids only when they accurately and completely describe the claimant's abilities and limitations. Id.

Generally, an ALJ should obtain a vocational expert's opinion where the plaintiff suffers from only severe non-exertional impairments or suffers from a combination of severe exertional and non-exertional impairments. Lounsburry, 468 F.3d at 1115. Non-exertional (not strength related) limitations include mental, sensory, postural, manipulative, and environmental limitations. 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(3); Derosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 579 (9th Cir. 1988). In contrast, where a claimant suffers primarily from an exertional impairment limiting the plaintiff's strength to sit, stand, walk, carry, lift, push, or pull, the use of the grids without a vocational expert's testimony may be proper. See Cooper v. Sullivan, 880 F.2d 1152, 1156 (9th Cir. 1989).

In his decision, the ALJ noted plaintiff was 58 years old at the time of the decision and, as such, an individual closely approaching advanced age, has more than a high school education, and a skilled work background. (AR at 26). The ALJ adopted the testimony of the vocational expert that plaintiff had skills that were easily transferable. (Id.). Relying on this testimony, the ALJ found plaintiff could perform the demands of the full range of sedentary work and found plaintiff to be "not disabled" under Medical Vocational Rule 201.07.

Because plaintiff suffered from only severe exertional limitations, the ALJ's use of the grids was proper. (See AR at 21). The ALJ relied on the vocational expert's testimony and concluded that because plaintiff did have transferable skills he was "not disabled" under Medical Vocational Rule 201.07. However, as discussed above, the ALJ erred in failing to ask the vocational expert if his testimony conflicted with the DOT, and there are no findings to explain his deviation from the DOT. Accordingly, the ALJ erred in relying on the vocational expert's determination that plaintiff had transferable skills in applying Medical Vocational Rule 201.07 instead of Rule 201.06, which supports a finding of "disabled."

**D.   The ALJ's Hypothetical to the Vocational Expert**

Plaintiff claims that the ALJ erred by providing the vocational expert with an inaccurate hypothetical regarding plaintiff's limitations. Defendant argues, however, that the ALJ did not err in propounding a hypothetical to the vocational expert that differed from the final RFC because the ALJ's hypothetical stated plaintiff had the capacity to perform a full range of sedentary work, which was more restrictive than the ALJ's RFC findings. (AR at 27).

9

In order for a vocational expert's testimony to constitute substantial evidence, the hypothetical question posed must consider all of the claimant's limitations. Andrews v. Shalala, 53 F.3d 1035, 1044 (9th Cir. 1995). While the ALJ need not include every alleged impairment in his hypothetical, he must make specific findings explaining his rationale for disbelieving any subjective complaints that are not included. Copeland v. Bowen, 861 F.2d 536, 540 (9th Cir. 1988).

As discussed above, the credibility of the vocational expert was at issue. Therefore, the ALJ erred in relying on the vocational expert's testimony regarding the plaintiff's RFC.

**E.  ALJ's Consideration of the Treating Physician's Opinion**

Plaintiff argues that the ALJ erred in rejecting the opinion of Philip Sobol, M.D., plaintiff's treating physician, and in failing to meet his duty to develop the record. Defendant argues that the ALJ properly rejected Dr. Sobol's opinion because his assessment of plaintiff's condition was inconsistent with the bulk of the medical evidence and the opinions of Elizabeth Sander, M.D., Allen I. Salick, M.D., and Gregg H. Small, M.D.

More weight is given to the opinion of a treating physician than that of a nontreating physician because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. Andrews, 53 F.3d at 1040-41. The ALJ may reject an uncontroverted opinion of a treating physician only for clear and convincing reasons. Id. at 1041. Where the opinion of the treating physician is contradicted by another doctor, the opinion of the treating physician may not be rejected without providing "specific and legitimate reasons" supported by substantial evidence in the

record for doing so. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996).

In a social security case, the ALJ has an independent duty to fully and fairly develop the record and assure that the plaintiff's interests are considered. Tonapetyan v. Halter, 242 F.3d 1144, 1151 (9th Cir. 1991). The ALJ's duty to develop the record exists even when the claimant is represented by counsel. See Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983).

When the evidence is ambiguous, or if the ALJ finds that the record is inadequate to allow for proper evaluation, the ALJ has a duty to "conduct an appropriate inquiry." Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996). Although the ALJ has a duty to develop the record, the burden of proving disability remains on the claimant. Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005).

Here, the ALJ found plaintiff had mild spondylosis at C5-6 and C6-7, small rotary cuff tears in her shoulders, and sciaticia. (See AR at 21, 231, 237, 256, 274). The ALJ found plaintiff's allegations of disabling carpal tunnel syndrome and high blood pressure to be without merit. (AR at 21). While Dr. Sobol did diagnose plaintiff with carpal tunnel syndrome in April 2001, the ALJ's decision to discredit his opinion of plaintiff's carpal tunnel was clearly laid out in his decision and supported by substantial evidence in the record. The ALJ noted that on January 6, 2004, plaintiff told Dr. Small her right hand paresthesias had markedly improved and occurred on an infrequent basis. (AR at 21, 167). In his decision, the ALJ cites Dr. Small's examination of plaintiff and his results which indicated no evidence of left carpal tunnel syndrome and results at

the upper limits of normal on plaintiff's right side. (AR at 21, 168). The ALJ also cited claimant's acknowledgment that she could lift a toothbrush and personal care items, carry keys and a purse every day, and drive a car every day. (AR at 21).

Furthermore, the record contains reports by Dr. Salick (AR 140-41) and Dr. Sander (AR 298) that provide substantial medical support for the ALJ's decision to reject Dr. Sobol's opinion.

The ALJ's decision to reject Dr. Sobol's opinion regarding the severity of plaintiff's carpal tunnel syndrome was within his discretion and supported by the specific and legitimate evidence contained in Dr. Small's reports, which were cited in the decision, and by substantial evidence in the record in the form of Dr. Salick's and Dr. Sander's reports. Accordingly, the ALJ did not err in rejecting Dr. Sobol's opinion regarding plaintiff's carpal tunnel syndrome.

**F.  Rejection of Plaintiff's Pain Testimony**

Plaintiff objects to the ALJ's determination that plaintiff lacked credibility regarding her alleged functional limitations. Defendant argues that the ALJ's credibility finding is supported by substantial evidence and is entitled to deference.

Pain of sufficient severity caused by a medically diagnosed "anatomical, physiological, or psychological abnormality" may serve as the basis for a finding of disability. 42 U.S.C. § 423(d)(5)(A); see Light, 119 F.3d at 792.

However, an ALJ need not believe every allegation of disabling pain. See Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995). Where there is no evidence of malingering, an ALJ may reject a claimant's

testimony regarding the severity of his or her symptoms only if the ALJ sets forth legally permissible, specific, clear and convincing reasons for doing so. Smolen v. Charter, 80 F.3d 1273, 1283-84 (9th Cir. 1996). The ALJ must specifically identify what testimony is credible and what evidence undermines the claimant's complaints. Morgan v. Comm'r of the Social Security Admin., 169 F.3d 595, 599 (9th Cir. 1999).

A finding that the claimant lacks credibility cannot be based wholly on a lack of medical support for the severity of her pain. Light, 119 F.3d at 792. A claimant need not produce evidence of pain other than her own subjective testimony. Smolen, 80 F.3d at 1282. Nor must a claimant present objective medical evidence of a causal relationship between the impairment and the type of symptom. Id.; Johnson v. Shalala, 60 F.3d 1428, 1433 (9th Cir. 1995). Rather, the claimant need only produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc). This approach reflects the Ninth Circuit's recognition of the "highly subjective and idiosyncratic nature of pain and other such symptoms," such that "[t]he amount of pain caused by a given physical impairment can vary greatly from individual to individual." Smolen, 80 F.3d at 1282.

"An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence." SSR 96-7p. Instead, a claimant must demonstrate only two things: objective medical evidence of an impairment or impairments; and (2) that the

13

impairment or combination of impairments could reasonably be expected to produce some degree of symptom, not that it did, in fact. SSR 96-7p; see also SSR 96-3p.

When evaluating a claimant's credibility, the ALJ should consider the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and the claimant's daily activities. Smolen, 80 F.3d at 1284. Conflicts in a claimant's statements or testimony support a finding that the claimant lacks credibility. Fair v. Bowen, 885 F.2d 597, 604 n.5 (9th Cir. 1989).

With respect to daily activities, the Ninth Circuit has held that a specific finding that a claimant is able to spend a substantial part of her day engaged in pursuits involving the performance of physical functions that are transferable to a work setting may be sufficient to discredit a claimant's allegations of pain. Vertigan v. Halter, 260 F.3d 1044, 1049 (9th Cir. 2001). However, the Ninth Circuit cautioned that "many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication." Fair v. Bowen, 885 F.2d at 603.

The Ninth Circuit has found that activities, such as grocery shopping, driving a car, or limited walking for exercise do not "in any way detract from [a claimant's] credibility as to [his or her] overall disability." Vertigan, 260 F.3d at 1050. The Ninth Circuit has repeatedly stated that a claimant need not be utterly
///

14

incapacitated in order to be disabled under the Social Security Act. See Fair, 885 F.2d at 603; Vertigan, 260 F.3d at 1050.

An ALJ's reasons for discrediting a claimant's testimony must be sufficiently specific for the reviewing court to assess whether the decision was impermissibly arbitrary. Bunnell, 947 F.2d at 345-56. As discussed below, taken as a whole, the ALJ's reasons for rejecting plaintiff's credibility withstand scrutiny.

The first and second reasons given in support of the ALJ's decision to reject plaintiff's credibility are the analyses of plaintiff's non-severe impairments and the analyses of Dr. Sobol's opinion that are included in the ALJ's decision, and incorporated by reference. (AR at 24-25). While a finding that plaintiff lacks credibility cannot be based wholly on the lack of medical support for the severity of her pain, the ALJ's analyses of plaintiff's non-severe impairments and of Dr. Sobol's opinion provide valid support for the conclusion that plaintiff's pain testimony lacks credibility.

Defendant notes that the inconsistencies found in plaintiff's complaints of debilitating carpal tunnel syndrome, high blood pressure, inability to concentrate and the medical evidence that caused the ALJ to label them "non-severe" indicate that plaintiff is prone to exaggerate her symptoms, which is a valid basis to reject plaintiff's credibility. See Smolen, 80 F.3d at 1284.

Similarly, the ALJ held that plaintiff's denial of arthalgias, soft tissue swelling, and localized joint pain on both November 20, 2003 and April 29, 2005, was inconsistent with her claim that her pain is constant. (AR at 25). Such statements indicate plaintiff is prone to exaggerate symptoms, and is a valid basis to reject plaintiff's credibility.

1      Next, the ALJ stated that plaintiff's alleged symptoms are out of
2 proportion with the objective physical findings. (AR at 25). In
3 addition, the ALJ held that plaintiff "has not provided convincing
4 details about factors which precipitate the allegedly disabling
5 symptoms, claiming that her pain is constant." Id. In order to avoid
6 having her statements regarding the intensity and persistence of pain
7 discredited where there is no objective evidence of pain, plaintiff
8 must demonstrate objective evidence of an impairment and that the
9 impairment could reasonably be expected to produce some degree of
10 symptoms. SSR 96-7p. The ALJ references the MRI studies of her
11 cervical spine and left shoulder and cites Dr. Sobol's statement
12 questioning the evidence of a tear in supraspinatous tendon of
13 plaintiff's left shoulder. (AR at 25). As discussed above, evidence
14 supporting plaintiff's habit of exaggeration and lack of candor
15 regarding her symptoms support a finding that plaintiff's pain
16 testimony is not credible.

17      The ALJ held that plaintiff made inconsistent statements
18 regarding matters relevant to her disability. The ALJ noted
19 inconsistences in plaintiff's descriptions of her activities. (AR at
20 25). A claimant's daily activities are relevant to a disability
21 determination. Here, plaintiff's statement that she goes to church
22 and bible study twice a week is technically inconsistent with her
23 previous statement that she has no activities. However, limited
24 activities, such as these, do not detract from a claimant's
25 credibility as to her overall disability. See Vertigan, 260 F.3d at
26 1050. Accordingly, evidence of one such inconsistent statement is
27 harmless and does not negatively impact plaintiff's credibility. The
28 ALJ notes plaintiff asserted Dr. Sobol had recommended surgery, but

16

that Dr. Sobol's records do not reflect such a recommendation. (AR at 25). In order for the ALJ to use this as a basis to undermine plaintiff's credibility, the ALJ must, at the very least, make an attempt to obtain additional records from Dr. Sobol and verify that an inconsistency does indeed exist. There is no evidence in the record reflecting such an effort. In addition, the ALJ held that the fact that claimant's chiropractor reported on November 1, 2004 that the claimant had responded favorably to treatment indicate that her allegations of ongoing pain are not credible. (AR at 25). Here, too, the record is unclear regarding whether "responded favorably" is inconsistent with an allegation of ongoing pain. The ALJ must, at the very least, make an attempt to obtain additional records from the chiropractor to ensure an inconsistency truly exists if it is to serve as the basis for discounting claimant's credibility. Thus, any attempt to utilize these inconsistencies as the basis for a negative determination regarding plaintiff's credibility is error.

Finally, the ALJ held that plaintiff's "reported limited daily activities are outweighed by the other factors" discussed in his decision. Specifically, the ALJ discredited plaintiff's assertions that she has no activities based on his opinion that her allegedly limited daily activities cannot be objectively verified with any reasonable degree of certainty. The ALJ went on to state that even if her daily activities are truly as limited as she alleged, "it is difficult to attribute that degree of limitation to the claimant's medical condition, as opposed to other reasons, in view of the relatively weak medical evidence and other factors discussed in this decision." (AR at 25). In evaluating claimant's credibility, the ALJ must consider testimony by the claimant that appears to be less than

candid. See Smolen, 80 F.3d at 1284. The ALJ is in the best position to make such a determination and there is no indication in the record that the ALJ acted beyond his discretion in finding claimant's testimony regarding her daily activities not to be candid and reflect negatively on her credibility.

In sum, although the ALJ erred in citing the inconsistences discussed above as a valid basis for a negative finding regarding claimant's credibility, in light of the other bases for such a finding, the Court finds the ALJ's error to be harmless. Thus, it cannot serve as grounds for remand. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

**G.     Remand is Required to Remedy Defects in the ALJ's Decision**

The choice of whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the Court. McAlister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Remand is appropriate where additional proceedings would remedy defects in the ALJ's decision, and where the record should be developed more fully. Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990).

Here, the Court finds remand appropriate. The ALJ failed to establish the credibility of the vocational expert and relied on his testimony in error. On remand, the ALJ must inquire whether the vocational expert's testimony conflicts with the DOT, and if it does, ensure the record contains persuasive evidence to support the vocational expert's credibility and such a deviation from the DOT.

///

///

///

**ORDER**

The Court, therefore, VACATES the decision of the Commissioner of Social Security Administration and REMANDS this action for further administrative proceedings consistent with this Memorandum Opinion and Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: July 17, 2006

/s/
JENNIFER T. LUM
UNITED STATES MAGISTRATE JUDGE